IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE 1, et al., | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. |
| | 1:25-cv-02159-LMM |
| PAM BONDI, *Attorney General of the United States,* et al., | : |
| Defendants. | : |

# **ORDER**

This case comes before the Court on Plaintiffs' Motion for Temporary Restraining Order and Expedited Preliminary Injunction. Dkt. No. [6]. Plaintiffs filed the present action under the Administrate Procedure Act, the Fifth Amendment to the U.S. Constitution, and the Declaratory Judgment Act, alleging that Defendants unlawfully terminated their Student and Exchange Visitor Information Systems ("SEVIS") records and F-1 nonimmigrant student status. Id. ¶¶ 1–6. Specifically, Plaintiffs contend that Defendants (1) had no statutory or regulatory authority to terminate their SEVIS records; (2) terminated the records without providing prior notice or an opportunity to be heard; and (3) failed to articulate facts to support their decision. Id. ¶¶ 63, 69, 72, 76. Plaintiffs now move for a temporary restraining order ("TRO") and an expedited preliminary

injunction, asking the Court to enjoin Defendants' termination of Plaintiffs' SEVIS registration and F-1 nonimmigrant student status. Dkt. No. [6] at 1–2.

To obtain a TRO or preliminary injunction, the moving party must demonstrate "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." Ingram v. Ault, 50 F.3d 898, 900 (11th Cir. 1995); Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001). A temporary restraining order "is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001) (per curiam).

The Court denies Plaintiffs' request for a temporary restraining order. Although Plaintiffs have included a brief in support of their motion, the Court finds that Plaintiffs have failed to provide detailed argument with facts and law to support their requested relief.[1] Currently, Plaintiffs' briefing contains only conclusory statements that Defendants' actions were unlawful, and there is no analysis regarding how Defendants acted "without basis in law or regulation" or how Defendants violated the requirements of due process. It is not enough that a

---

[1] When noting the prerequisites for a TRO and a preliminary injunction, Plaintiffs stated that they detailed the necessary elements in a "previously submitted Brief." Dkt. No. [6] at 2. The Court is unaware of any prior motion or brief where Plaintiffs discussed these prerequisites.

party asks the Court for relief. The motion must also be accompanied with the law that entitles them to that relief. Although Plaintiffs' Complaint contains some legal framework and facts suggesting why Defendants' actions are unlawful, Plaintiffs' motion does not. As stated, a temporary restraining order is a drastic remedy that should not be granted unless Plaintiffs have provided sufficient legal and factual support for why that extraordinary relief is warranted. The Court finds that Plaintiffs have not done so, and thus, have not satisfied their burden.

Accordingly, Plaintiffs' Motion for Temporary Restraining Order and Expedited Preliminary Injunction [6] is **DENIED without prejudice**.

**IT IS SO ORDERED** this 23rd day of April, 2025.

_____
**Leigh Martin May**
**United States District Judge**